# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2019, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Johnny W. Ulmer
Ulmer Law Office, Inc.
Bristol, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Javier Gonzalez,

*Appellant-Petitioner,*

*v.*

State of Indiana,

*Appellee-Respondent.*

January 29, 2019

Court of Appeals Case No.
18A-PC-2284

Appeal from the Elkhart Superior Court

The Hon. Charles C. Wicks, Judge

Trial Court Cause No.
20D05-1804-PC-20

**Bradford, Judge.**

# Case Summary

In 2003, Javier Gonzalez, who was (and is) in the United States illegally, pled guilty in Elkhart County to Class D felony cocaine possession, a conviction that was eventually reduced to a misdemeanor. In 2018, Gonzalez petitioned for post-conviction relief ("PCR"), claiming that he had received ineffective assistance from his trial counsel because she failed to inquire about his immigration status or advise him of the possibility of deportation if he pled guilty. During a hearing on Gonzalez's PCR petition, neither he nor his trial counsel could recall if she had inquired about his immigration status. The post-conviction court denied Gonzalez's PCR petition. Gonzalez claims that the post-conviction court erred in denying his PCR petition. Because we disagree, we affirm.

# Facts and Procedural History

On August 25, 2003, Gonzalez pled guilty to Class D felony cocaine possession. Gonzalez did not directly appeal his conviction or sentence. Gonzalez managed to have his conviction reduced from a felony to a misdemeanor in 2012 or 2013. On April 19, 2018, Gonzalez petitioned for PCR, alleging that his trial counsel had been deficient in failing to warn him that his conviction might result in his deportation and that he would not have pled guilty had he known. An evidentiary hearing on Gonzalez's PCR petition was held on June 15, 2018. At the hearing, his trial counsel testified that she did not recall if she had asked Gonzalez about his immigration status before he

pled guilty. When asked, Gonzalez himself could not recall if his trial counsel had asked him about his immigration status or whether he was a United States citizen. On August 29, 2018, the post-conviction court denied Gonzalez's PCR petition.

# Discussion and Decision

[3]     Our standard for reviewing the denial of a PCR petition is well-settled:

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. […] Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468–69 (Ind. 2006) (internal citations and quotations omitted).

[4]     Gonzalez claims that he received ineffective assistance of trial counsel. We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient

> by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant so much that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694, 104 S. Ct. 2052; *Lowery v. State*, 640 N.E.2d 1031, 1041 (Ind. 1994). […] Failure to satisfy either prong will cause the claim to fail. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999).

*French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[5] Gonzalez claims that his trial counsel was ineffective for failing to inquire about his immigration status and advise him before he pled guilty that his conviction could potentially subject him to deportation. The factual assertions on which this claim is based are not supported by the record. Even if the post-conviction court had been required to believe evidence supporting Gonzalez's claim (which it was not), the record does not contain any such evidence. When asked, his trial counsel replied that she did not recall if she asked Gonzalez about his immigration status before he pled guilty, and Gonzalez himself could not recall if his trial counsel asked him about his immigration status or whether he was a United States citizen. As for any advisement about possible deportation, there is no evidence one way or the other. Any finding favorable to Gonzalez's claim of ineffective assistance of trial counsel would be based on nothing more than speculation. Because Gonzalez has failed to carry his burden to show deficient performance by his trial counsel, we need not evaluate his claim of prejudice.

[6] The judgment of the post-conviction court is affirmed.

Bailey, J., and Brown, J., concur.